```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/17/15
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN RAILCAR INDUSTRIES, INC., ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> GYANSYS, INC., ) <br><br> Defendant. ) | Civil Action No. 14-08533(AT) |
| GYANSYS, INC., ) <br><br> Counterclaim Plaintiff, ) <br><br> v. ) <br><br> AMERICAN RAILCAR INDUSTRIES, INC., ) <br><br> Counterclaim Defendant. ) | |

## STIPULATED JOINT PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff and Counterclaim Defendant American Railcar Industries, Inc. ("ARI") and Defendant and Counterclaim Plaintiff GyanSys, Inc. ("GyanSys") (collectively, the "Parties"), through their undersigned attorneys, that the following procedures shall govern the production and use of confidential information (the "Protective Order") in the above-entitled action (the "Action").

The Parties recognize that in this Action the parties and non-parties may be required to disclose trade secrets and other confidential commercial information within the meaning of Rule

26(c) of the Federal Rules of Civil Procedure. To protect against the improper use or disclosure of such information, the Parties agree that good cause exists for the entry of this Protective Order and stipulate as follows:

## SCOPE OF STIPULATED PROTECTIVE ORDER

1.  This Protective Order shall govern all Discovery Material (as defined below in Paragraph 3) produced or disclosed in this Action. Any Party or non-party (or their respective counsel, retained experts, directors, officers, employees, or agents) shall have the right to designate as confidential any Confidential Material, subject to this Protective Order (as defined below in Paragraph 7).

2.  A "Producing Party" shall refer to a Party or non-party, or respective counsel, who either (a) produces Discovery Material under this Protective Order; or (b) designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." A "Receiving Party" shall refer to the party, or respective counsel, to whom the Discovery Materials are produced.

3.  The term "Discovery Materials" shall include Documents (as defined below in Paragraph 4); written discovery and written responses to discovery; deposition transcripts and audio and video recordings of depositions; court filings; expert reports; or other things or materials as may be produced or disclosed during the course of this Action.

4.  The term "Documents" refers to every means of recording any form of communication upon any tangible thing, including "Electronically Stored Information," which shall be defined to include without limitation: (i) email messages and their attachments, and (ii) information stored electronically, digitally, or magnetically on computers, hard drives, DVDs, CD-ROMs, discs, networks, or tape.

**DESIGNATION OF CONFIDENTIAL MATERIAL**

5.     A Producing Party may designate as "CONFIDENTIAL" any Discovery Material that the Producing Party in good faith believes constitutes or contains: (i) trade secrets or other confidential or proprietary sales, marketing, financial, or business plans, strategies, projections, or information; (ii) confidential or proprietary research, development, engineering, technical, or commercial information; (iii) acquisition offers, strategies, or expressions of interest and proposed strategic transactions; (iv) information subject to a legally cognizable right of privacy; or (v) information that the Producing Party believes is subject to a duty of confidentiality.

6.     The Producing Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material that may be designated as "CONFIDENTIAL," and, if disclosed beyond counsel who are actively engaged in the prosecution or defense of this Action, poses a demonstrable risk of competitive harm to the Producing Party.  In the event that a Producing Party designates any material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party shall inform opposing counsel of the reason for the designation and how disclosure would pose a risk of competitive harm prior to or contemporaneously with such designation.  The parties agree that in the event of any disagreement concerning such designation, they will confer in good faith to resolve the disagreement.  If the disagreement cannot be mutually resolved, the party objecting to the designation may seek relief from the Court pursuant to paragraph 28 herein.

7.     Discovery Materials designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are referred to herein as "Confidential Material."

8.     To designate Discovery Material as Confidential Material, the Producing Party should, prior to its production, mark the Discovery Material with the legend "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively "Confidentiality Designation"); provided, however, that deposition testimony can be designated as Confidential Material in the manner prescribed in Paragraph 11.

9.     With respect to Electronically Stored Information produced in native file formats, the Producing Party shall designate such matter as Confidential Material by cover letter identifying Electronically Stored Information to be designated as Confidential Material, and by marking the exterior of the produced media containing the Confidential Material with a Confidentiality Designation.

10.     With respect to the production of Electronically Stored Information produced in non-native electronic formats (such as single-page TIFF files), the Producing Party shall, by cover letter, identify the Electronically Stored Information as containing documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" each page of each file containing Confidential Material.  Nothing in this paragraph should be interpreted, however, to relieve any Party of any obligation it may be under to produce Electronically Stored Information in a particular format.

11.     With respect to any deposition or testimony, a Party or non-party may designate as Confidential Material those portions of a transcript (including exhibits) that the Party or non-party believes in good faith merit protection as Confidential Material by any one of the following means:

    a.  Stating orally on the record of a deposition what portion of information, exhibits, or testimony is to be so-designated, and causing the court reporter to mark the cover page of the transcript with the legend "Containing CONFIDENTIAL [or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY] Material Pursuant to Protective Order."

b. Sending written notice to the Receiving Party and the court reporter within fourteen (14) calendar days of service of the final deposition transcript or of notification by the court reporter that the final transcript is available, whichever happens first, designating those portions of the transcript to be so-designated.  Unless otherwise agreed on the record of the deposition or other testimony, every transcript shall be treated as though it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of fourteen (14) calendar days of receipt of the final transcript or of notification by the court reporter that the final transcript is available, whichever happens first.

12. With respect to Discovery Materials produced by non-parties, the Parties shall provide a copy of this Protective Order to any non-party that is served with a subpoena in this Action, advising such non-party of its ability to designate Discovery Material as Confidential Material pursuant to this Protective Order.  The Parties shall have fourteen (14) calendar days from the date that they receive such materials (unless otherwise agreed by the Parties) to designate Discovery Material as Confidential Material any document(s) or other information produced by the non-parties that they believe in good faith merits protection as Confidential Material.  Either Party may make such a designation by marking the document(s) or other information that they believe merits protection in accordance with the procedures set forth in Paragraphs 8 through 11 and sending marked copies of the document(s) or other information to the opposing Party.

## INADVERTENT FAILURE TO DESIGNATE

13. Any inadvertent failure to designate Discovery Materials as Confidential Material shall not constitute a waiver of the Producing Party's right to so-designate such Discovery Material at a later date, provided that the Producing Party promptly serves a written notice on the Receiving Party upon learning of the incorrect designation, along with a replacement copy of such Discovery Materials marked with the appropriate legend.

14.     Upon receipt of such notice, the Receiving Party shall then take reasonable steps to destroy or return to the Producing Party all unmarked or mismarked copies of such Discovery Material within fourteen (14) calendar days and certify in writing that it has done so.  The Receiving Party will not be in violation of this Protective Order for any disclosure otherwise consistent with this Protective Order made prior to any re-designation of Discovery Materials inadvertently produced without a Confidentiality Designation.

**RESTRICTIONS ON DISCLOSURE AND USE OF CONFIDENTIAL MATERIAL**

15.     All Confidential Material produced in the Action shall be used solely for the purposes of litigation the Action.  Except upon written consent of the Producing Party or Court Order, Confidential Material shall not be used, disclosed, or revealed for any other purpose.

16.     Discovery Materials marked "CONFIDENTIAL" may only be disclosed to the following persons:

       a.  Outside counsel, their legal assistants and support staff, and in-house litigation counsel who are actively assisting in the prosecution or defense of this Action.

       b.  Officers, directors, or employees of a Party, so long as they have signed the undertaking attached hereto as Exhibit A and otherwise complied with the procedures set forth in this Protective Order.

       c.  Employees of outside copying, printing, litigation services, or discovery vendors retained by the Parties or their counsel for the sole purpose of assisting in the prosecution or defense of the Action, so long as they have signed the undertaking attached hereto as Exhibit A and otherwise complied with the procedures set forth in this Protective Order.

       d.  Experts, consultants, or investigators retained by a Party or its counsel in connection with the Action, so long as they have signed the undertaking attached hereto as Exhibit A and otherwise complied with the procedures set forth in this Protective Order.

       e.  Any mediator or arbitrator that the Parties have agreed in writing to use or have been ordered to use in connection with the Action.

    f.   The Court and its personnel, court reporters, translators, and videographers used in connection with the Action.

    g.   Other persons jointly approved in writing or on the record by the Parties, so long as they have signed the undertaking attached hereto as Exhibit A and otherwise complied with the procedures set forth in this Protective Order.

    h.   The author of the Confidential Material or any person who prepared, received, or reviewed the Confidential Material prior to the date that it was produced in the Action.

17.    Discovery Materials marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be disclosed to the following persons:

    a.   Outside counsel, their legal assistants and support staff, and in-house litigation counsel who are actively assisting in the prosecution or defense of this Action in accordance with Paragraph 16(a).

    b.   Employees of outside copying, printing, litigation services, or discovery vendors retained in accordance with Paragraph 16(c).

    c.   Experts, consultants, or investigators retained in accordance with Paragraph 16(d).

    d.   Any mediator or arbitrator selected or appointed in accordance with Paragraph 16(e).

    e.   The Court and its personnel, court reporters, translators, and videographers used in connection with the Action.

    f.   The author of the Confidential Material or any person who prepared, received, or reviewed the Confidential Material prior to the date that it was produced in this Action.

18.    Discovery Materials marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed or revealed to any current or former officer, director, or employee of a Party, except as provided above, in Paragraph 17(f).

19.    In instances involving disclosure to persons referred to in Paragraph 16(d) or 17(c), only the experts, consultants, or investigators themselves will be required to sign an

undertaking agreeing to the terms of this Protective Order.  Said individuals shall be required to

inform their respective employees, associates, and/or support staff of the obligation of

confidentiality associated with this Protective Order and to inform them that disclosure of

Confidential Material in violation of this Protective Order is prohibited.

20.    Nothing herein shall be construed to limit a Party's use or disclosure of its own

Confidential Material.

21.    Nothing herein shall prevent disclosure beyond the terms of this Protective Order

if the Party designating the material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" specifically consents in advance in writing to such a disclosure, or if the Court, after

notice to all Parties, orders such disclosure.  The Parties shall attempt to agree on procedures

governing the use of Confidential Material at any hearing or trial in this Action and shall submit

such procedures to the Court for its approval.  Should the Parties fail to agree or obtain Court

approval, nothing herein shall preclude any Party from making an application to the Court

concerning the handling or treatment of Confidential Material at any hearing or trial in this

Action.

## PUBLICLY AND INDEPENDENTLY OBTAINED INFORMATION

22.    This Protective Order shall not apply to any document or information that is

publicly available; was or is independently acquired from a source other than the Parties or a

non-party providing materials under this Protective Order; or was lawfully possessed by a

nonproducing Party (or its counsel) prior to disclosure by the Producing Party.

## DISCLOSURE OF CONFIDENTIAL MATERIAL TO THE COURT

23.    No Confidential Materials, nor any pleading, memorandum of law, motion, or

other document disclosing such materials (collectively "Confidential Records"), shall be filed

with the Court except as provided herein.

24.     Where reasonably practicable, only those portions of Confidential Records that consist of materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be sealed or sought to be sealed in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Rules of this Court.  The Parties seeking to file a redacted form of a pleading, motion, memorandum, exhibit, or other document, will make a specific request to the Court by letter explaining the reasons for seeking to file that submission under seal, and attaching one full set of relevant document(s) in highlighted form.  To the extent permitted by the Court, the redacted documents will be filed on ECF, and the full unredacted documents under seal will be filed in accordance with the procedures of the Southern District of New York.

25.     Confidential Material that lawfully becomes part of the public record of this Court shall no longer be covered by this Protective Order.

## CONFIDENTIAL MATERIAL SUBJECT TO SUBPOENA OR OTHER COMPULSORY PROCESS

26.     Nothing in this Protective Order shall prevent a Receiving Party from complying with a valid subpoena or other compulsory process that requires production or disclosure of materials designated as Confidential Material.  Provided, however, that any Party in possession of Confidential Material who receives a subpoena (or other compulsory process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, bodies, boards or associations) who is not a party to this Protective Order, seeking production or other disclosure of such Confidential Material, shall promptly give written notice to counsel for the Producing Party, enclosing a copy of the subpoena or other compulsory process.  The Receiving Party, furthermore, shall take reasonable steps to provide the Producing

Party with an opportunity to object or seek relief to prevent or limit the disclosure of its Confidential Material.

27.     The production or disclosure of Confidential Material pursuant to subpoena or other compulsory process shall not be made before the later of (a) seven days following the date on which notice is given in accordance with Paragraph 26, or (b) the return date of the subpoena or compulsory process.

## OTHER REMEDIES AND RELIEF ARE NOT LIMITED

28.     Nothing in this Protective Order shall be construed as preventing any Party from objecting to any Confidentiality Designation or requesting that a portion of any page designated Confidential Material be designated without such restriction.  Upon receipt of any such objection, the Producing Party (or the Party making a designation pursuant to Paragraph 12) and the objecting Party shall attempt in good faith to resolve any disagreement concerning the designation.  The Producing Party (or the Party making a designation pursuant to Paragraph 12) shall have seven business days to respond to any objection, unless otherwise agreed by the Parties.  In the event that an informal resolution is not reached, the objecting Party may seek appropriate relief from the Court.  The Producing Party (or the Party making a designation pursuant to Paragraph 12) bears the burden of showing that the Confidentiality Designation is warranted.  Notwithstanding any challenge to a designation, the designation shall remain in full force and effect pursuant to the terms of this Protective Order until such time as the Court rules that the Discovery Material at issue does not warrant a Confidentiality Designation.

29.     Nothing herein shall prevent any Party from seeking by Court order further, greater, or lesser protection with respect to the use of any Confidential Material in connection with this Action.

30.     Any person may move the Court for a modification of or relief from the terms of this Protective Order at any time.

31.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests.

## INADVERTENT PRODUCTION DOES NOT WAIVE PRIVILEGE

32.     No provision of this Protective Order shall be deemed to create a waiver as to inadvertently-produced Discovery Materials that are protected from discovery on the basis of privilege or immunity, and the inadvertent production of such documents does not waive any privilege or immunity.  Upon receiving notice from a Producing Party that privileged information has been inadvertently produced, the Receiving Party shall return or destroy all copies of the inadvertently produced Discovery Material identified within five days of the receipt of such notice, and certify in writing that it has done so. Nothing in this Paragraph, however, shall prevent the Receiving Party from contesting the claim of privilege following the return or destruction of the inadvertently produced Discovery Material.

## INADVERTENT OR UNAUTHORIZED DISCLOSURE
## OF CONFIDENTIAL MATERIAL

33.     If a Receiving Party discloses Confidential Material, through inadvertence or otherwise, to any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, bodies, boards or associations) not authorized under this Protective Order, then the Receiving Party shall use its best efforts to immediately retrieve all copies of such Confidential Material.

34.     In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Protective Order; (b) immediately identify such person in a writing

addressed to counsel for the Producing Party, and (c) request such person to execute the undertaking attached hereto as Exhibit A.

35.     The foregoing shall not relieve a Party of liability, if any, for disclosing Confidential Material in violation of this Protective Order.

## RETURN/DESTRUCTION OF CONFIDENTIAL MATERIAL

36.     Confidential Material shall be returned to the Producing Party (with the cost of shipping borne by the Producing Party), or destroyed within sixty (60) days after a final court order terminating the Action (including any appeals).   With respect to Confidential Material stored on a litigation review database, it shall be destroyed, with original Discovery Materials produced on Electronically Stored Information returned to the Producing Party or destroyed at the election of the Producing Party.

37.     Upon request, each Receiving Party shall provide the Producing Party with a letter certifying that all Confidential Material required to be returned or destroyed pursuant to the provisions of this Protective Order has been returned or destroyed.

38.     Nothing contained herein shall prevent designated counsel for each Party from maintaining a complete file (including drafts) of all pleadings, affidavits, motions, briefs, notes, memoranda, email, or other work product containing Confidential Material and all deposition transcripts, deposition video or audio tapes, hearing transcripts, and trial transcripts, provided that such counsel take appropriate steps to prevent the disclosure of Confidential Material contrary to the terms of this Protective Order.

## ENFORCEMENT OF THIS ORDER

39.     This Court shall retain jurisdiction over the Parties and the subject matter of this Protective Order for the purpose of enforcing this Protective Order.

DATED: April 17, 2015                      Respectfully submitted,

BROWN RUDNICK, LLP                         **FAEGRE BAKER DANIELS LLP**

_____                    _____
Mason C. Simpson                           Michael M. Krauss
msimpson@brownrudnick.com                  Michael.Krause@faegrebd.com
Seven Times Square                         2200 Wells Fargo Center
New York, NY 10036                         90 South Seventh Street
(212) 209-4800 (telephone)                 Minneapolis, MN  55402
(212) 209-4801 (facsimile)                 (612) 766-7000 (telephone)
                                           (612) 766-1600 (facsimile)

Edward J. Naughton (*pro hac vice*)        Shawna Meyer Eikenberry (*pro hac vice*)
BBO #600059                                Shawna.Eikenberry@faegrebd.com
enaughton@brownrudnick.com                 Mark A. Voigtmann (*pro hac vice*)
Rebecca MacDowell Lecaroz (*pro hac vice*) Mark.Voigtmann@faegrebd.com
BBO #666860                                300 North Meridian Suite 2700
rlecaroz@brownrudnick.com                  Indianapolis, IN 46204
One Financial Center                       (317) 237-0300 (telephone)
Boston, MA 02111                           (317) 237-1000 (facsimile)
(617) 856-8200 (telephone)
(617) 856-8201 (facsimile)

*Attorneys for American Railcar Industries, Inc.*    *Attorneys for GyanSys, Inc.*

DATED: April 17, 2015

**BROWN RUDNICK, LLP**

_____
Mason C. Simpson
msimpson@brownrudnick.com
Seven Times Square
New York, NY 10036
(212) 209-4800 (telephone)
(212) 209-4801 (facsimile)


Edward J. Naughton (*pro hac vice*)
BBO #600059
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz (*pro hac vice*)
BBO #666860
rlecaroz@brownrudnick.com
One Financial Center
Boston, MA 02111
(617) 856-8200 (telephone)
(617) 856-8201 (facsimile)

*Attorneys for American Railcar Industries, Inc.*

Respectfully submitted,

**FAEGRE BAKER DANIELS LLP**

Michael M. Krauss
Michael.Krause@faegrebd.com
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
(612) 766-7000 (telephone)
(612) 766-1600 (facsimile)


Shawna Meyer Eikenberry (*pro hac vice*)
Shawna.Eikenberry@faegrebd.com
Mark A. Voigtmann (*pro hac vice*)
Mark.Voigtmann@faegrebd.com
300 North Meridian Suite 2700
Indianapolis, IN 46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

*Attorneys for GyanSys, Inc.*


GRANTED.  However, any party seeking to redact or file documents under seal must obtain prior Court approval in accordance with Paragraph IV.A of this Court's Individual Practices in Civil Cases.

SO ORDERED.

Dated:  April 17, 2015
     New York, New York

_____
ANALISA TORRES
United States District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN RAILCAR INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GYANSYS, INC.,<br><br>Defendant.<br><br>GYANSYS, INC.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>AMERICAN RAILCAR INDUSTRIES, INC.,<br><br>Counterclaim Defendant. | Civil Action No. 14-08533(AT) |

## <u>CONFIDENTIALITY UNDERTAKING</u>

1.      I have received a copy of the Stipulated Protective Order (the "Protective Order") entered by the United States District Court for the Southern District of New York in the above-captioned action.  I have carefully read and understand all provisions of the Protective Order.

2.      I agree to be bound by all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of the Action any information that

I receive designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY."

      3.     I hereby consent to the jurisdiction of the United States District Court for the
Southern District of New York for the purpose of enforcing the terms and restrictions of the
Protective Order.

Dated: _____      By: _____

                                       Name: _____
                                       Company: _____
                                       Address: _____
                                                          _____

61932649 v2-WorkSiteUS-023742/0027